UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **MARY E. SANDERS** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No.: 7:22cv00002 |
| **KROGER LIMITED PARTNERSHIP I,** | ) |
| d/b/a Kroger Store #320 | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

COMES NOW, Plaintiff Mary E. Sanders (the "Plaintiff"), by counsel, and states as follows for her Complaint against Kroger Limited Partnership I d/b/a Kroger Store #320 ("Kroger") states as follows:

### Parties, Jurisdiction, and Venue

1. Plaintiff Mary E. Sanders is 88 years old. She is an individual and, for all times relevant to this action, a resident and domiciliary of the Commonwealth of Virginia. Currently, the Plaintiff is a resident of Salem, Virginia.

2. Defendant Kroger is a foreign limited partnership with a principal place of business in Ohio. Kroger does significant business in Salem, Virginia.

3. The Defendant owns, operates, manages and/or controls the premises, and facilities which constitute the Kroger Store #320 located at 1925 Electric Road, Salem, Virginia 24153. Kroger Store #320 is a place of business open to the general public.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy herein is in excess of the jurisdictional requirement of 28 U.S.C. § 1332.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Salem, Virginia which is within the Western District of Virginia, and at all relevant times Defendant transacted business in Virginia, contracted to supply goods or services in Virginia.

## Factual Background

6. On May 3, 2021, the Plaintiff was an invitee on the premises of the Kroger Store #320 where she entered the grocery store to shop for groceries and other items.

7. The Defendant purchased various groceries and was exiting the store with items in hand. At the same time and place, a Kroger employee was pushing a large cart behind the Defendant. The cart was full of groceries for other customers who had purchased items online or elsewhere.

8. At the time and place aforesaid, the large cart in the custody and control of the Kroger employee struck the Plaintiff, knocked her down, and otherwise made violent contact with the Plaintiff's body.

9. At the time and place aforesaid, the yet unidentified Kroger Employee was employed by Kroger and was acting within the scope and course of employment and business benefit for Kroger. Kroger paid the employee's wages and otherwise directed the actions of the employee while on Kroger's premises.

10. Kroger is vicariously liable for the negligent conduct of its employee.

## COUNT I
## NEGLIGENCE/RESPONDEAT SUPERIOR

11. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12. At the time and place aforesaid, Kroger and its employees had an actual and vicarious duty to use reasonable care in the operation of their premises, to use reasonable care in the use of shopping/storage carts on the premises, and to otherwise provide for the safety of its invitees on the premises.

13. Notwithstanding the aforesaid duties, Kroger's paid employee maneuvered the shopping/storage cart in a negligent manner, as shown by the fact that the employee crashed the cart into the Plaintiff causing her to suffer injuries.  In doing so, the Kroger employee failed to maintain a proper lookout, failed to maintain proper distance from the Plaintiff, failed to maintain control of the cart, and failed in other respects to use reasonable care in the operation of the cart.  Individually and collectively, these and other acts, were a breach of Kroger's duties to the Plaintiff.

14. As a direct and proximate result of the negligence of Kroger's employee, the Plaintiff was caused to suffer serious and likely permanent injuries, has suffered and will in the future continue to suffer inconvenience and pain of body and mind; has been and will in the future be prevented from transacting business and household duties; has incurred and will continue to incur medical and related expenses in an effort to be cured of said injuries; and will continue to incur other damages.

WHEREFORE, the Plaintiff respectfully prays for judgment against the Defendant in the sum of THREE HUNDRED THOUSAND DOLLARS ($300,000.00), interest from May 3, 2021 (pre-and-post judgment interest); and that the Plaintiff have such other and further relief as the Court deems necessary and appropriate.

A TRIAL BY JURY IS DEMANDED.

Respectfully submitted,

MARY E. SANDERS


By  /s/ Aaron Balla Houchens
           Of Counsel

Aaron B. Houchens (VSB #80489)
AARON B. HOUCHENS, P.C.
111 E. Main Street
P.O. Box 1250
Salem, Virginia 24153
(540) 389-4498 (Tel.)
(540) 339-3903 (Fax)
aaron@houchenslaw.com

*Counsel for Plaintiff*